UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TRINA S.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  25-cv-05564-RFL<br><br>**ORDER REMANDING CASE**<br><br>Re: Dkt. No. 16 |

This action is **REMANDED** to the Social Security Administration because the Administrative Law Judge ("ALJ") erred in discrediting Plaintiff's subjective statements about her back pain.  An ALJ must follow a two-step analysis in evaluating a claimant's subjective statements abouts their symptoms:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection.

*Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations and quotation marks omitted).  Here, the ALJ erred at the second step of the analysis.

At the first step, "the claimant is not required to show that [their] impairment could reasonably be expected to cause the severity of the symptom [they have] alleged; [they] need only show that it could reasonably have caused some degree of the symptom."  *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (citation and quotation marks omitted).  Here, the ALJ acknowledged that x-ray results showed "mild degenerative lumbar spondylosis."  (*See* AR 33.)  The first step is accordingly satisfied because that finding constitutes objective evidence of an impairment that could reasonably be expected to cause back pain.

Turning to the second step, Defendant does not dispute that there is no evidence of malingering.  The inquiry therefore turns on whether the ALJ provided "specific, clear and convincing reasons for the rejection" of Plaintiff's statements about the severity of her symptoms.  The "clear and convincing" standard requires an ALJ to "explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.  *See Ferguson*, 95 F.4th at 1200 (emphasis in original) (citation omitted).  An ALJ does not satisfy the standard by pointing to a lack of corroborating evidence.  Instead, an ALJ must point to inconsistent evidence.  *See id.* at 1200-01.  Here, the ALJ first points to "normal" results from physical examinations of Plaintiff in 2019 and 2020.  (*See* AR 32-33 (citing AR 412, 422, 665).)  The cited progress notes, however, do not contain any discussion of Plaintiff's back pain in connection with the examinations performed, let alone "normal" findings concerning Plaintiff's back pain.  The ALJ then observes that Plaintiff treated her back pain with medication and states that, "[a]lthough the claimant alleges she takes Norco for her back pain, it is far more likely she engaged in drug-seeking behavior for something other than pain."  (*See* AR 33.)  However, the ALJ cites no evidence suggesting that Plaintiff sought pain medication for any reason other than to treat her pain.  Accordingly, the ALJ did not rely on evidence inconsistent with Plaintiff's subjective statements, and her decision to discredit those statements was therefore improper.

On remand, the ALJ shall credit Plaintiff's subjective statements about her back pain.  This Order does not reach Plaintiff's separate argument that the ALJ improperly failed to consider certain of her impairments.  Plaintiff is free to raise those impairments for the ALJ's consideration in her remand proceedings.

**IT IS SO ORDERED.**

Dated: April 3, 2026

_____
RITA F. LIN
United States District Judge

2